```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TOBIAS BERMUDEZ CHAVEZ, *et al.*,

                    Plaintiffs,

-v-

OCCIDENTAL CHEMICAL CORPORATION,

                    Defendant.

------------------------------------------------------------X

17 Civ. 3459 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2018

PAUL A. ENGELMAYER, District Judge:

On January 10, 2018, this Court issued an Opinion and Order denying the motion for judgment on the pleadings of defendant Occidental Chemical Corp. ("Occidental"). Dkt. 203 ("Opinion"). Pertinent here, the Court held that the New York Court of Appeals likely would permit cross-jurisdictional class action tolling as a matter of New York law, and that, under that doctrine, plaintiffs' claims had been tolled continuously between August 31, 1993 and June 3, 2010, making this suit timely. The Court also certified its decision for interlocutory appeal.

On January 16, 2018, Occidental filed a motion for reconsideration, Dkt. 204, and a memorandum of law in support, Dkt. 205 ("Reconsideration Br."). Occidental also filed a letter motion seeking a stay of its deadline for filing an interlocutory appeal. Dkt. 206. On January 17, 2018, the Court issued an order granting the motion to stay and directing plaintiffs to file an opposition brief. Dkt. 207. On January 23, 2018, plaintiffs filed that brief. Dkt. 208 ("Reconsideration Opp.").

For the following reasons, the Court denies the motion for reconsideration.

## I. Legal Standards

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

## II. Discussion

The Court assumes familiarity with the facts and procedural history of this case, as reviewed in the Court's prior Opinion. The Court relates here only those facts necessary to resolve this motion.

Occidental seeks reconsideration of the Court's holding that under the doctrine of cross-jurisdictional class action tolling, plaintiffs' claims were tolled continuously from August 31, 1993 to June 3, 2010. Reconsideration Br. at 2. Occidental raises three arguments in support of its bid for reconsideration. The Court addresses each in turn.

### A. The Availability of Class Mechanisms Abroad

Occidental argues primarily that this Court, in holding that plaintiffs reasonably could have relied on the maintenance of a putative class action following Judge Lake's 1995 orders, erroneously assumed "the availability and continuation of class-action proceedings in the *Carcamo/Delgado* plaintiffs' home countries." Reconsideration Br. at 3. According to Occidental, this "linchpin" assumption was unjustified for three reasons: (1) Plaintiffs never argued in this Court that foreign putative class actions had tolled their limitations period; (2) the *Carcamo/Delgado* plaintiffs insisted before Judge Lake that their home countries did not permit class actions, and Judge Lake accepted that argument; and (3) other courts to consider when the *Carcamo/Delgado* class action toll ended have held that the foreign actions did not toll the limitations periods for plaintiffs such as those here. *Id.* at 4.

Occidental's arguments mischaracterize both this Court's Opinion and Judge Lake's 1995 orders.

First, contrary to Occidental's suggestion, this Court did not make any assumption (let alone any holding) as to the availability of class actions in the *Carcamo/Delgado* plaintiffs' home countries. Rather, the Court considered only what Judge Lake held, and how his orders reasonably would have been received by members of the putative *Carcamo/Delgado* class. The question before the Court, in other words, was not whether the *Carcamo/Delgado* plaintiffs ultimately could have pursued class-wide relief abroad, but rather whether Judge Lake's orders reasonably allowed for class proceedings in any forum as the lawsuit moved forward. The Court answered that question in the affirmative. *See* Opinion at 26–29.

In so holding, the Court emphasized that Judge Lake's orders effected only a conditional dismissal and left very much open the prospect of a continued putative class action in Texas. *See*

3

*id.* at 27. That prospect was based on the "return jurisdiction clause," which provided for the resumption of Judge Lake's jurisdiction—"as if the case had never been dismissed"—"in the event that the highest court of any foreign country finally affirm[ed] the dismissal for lack of jurisdiction of any action commenced by a plaintiff in these actions." *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1375 (S.D. Tex. 1995) ("*Delgado I*"). Judge Lake thus provided a domestic backstop to ensure that, even as the *Carcamo/Delgado* plaintiffs tested the jurisdiction of foreign courts, Texas would remain available as a forum for the putative class action. *See* Dkt. 191 ("JSPH") Ex. 25 at 30. Important, too, as of Judge Lake's decision, the prospects for plaintiffs to secure jurisdiction over defendants abroad appeared doubtful: The *Carcamo/Delgado* plaintiffs had argued that even defendants' consent to waiving jurisdictional defenses abroad would be insufficient to guarantee personal jurisdiction there, which prompted Judge Lake to condition his dismissal order "upon acceptance of jurisdiction by the foreign courts involved in these cases." *Delgado I*, 890 F. Supp. at 1357. In view of this conditional dismissal and Judge Lake's overt reservation of the possibility—and anticipation—of continued class litigation before him, absent members of the putative class reasonably could have relied on a continuing putative class action in the United States as a reason not to initiate their own lawsuits, whatever the availability of class mechanisms abroad.[1]

To the extent that this Court's Opinion referred to the possibility that the litigation abroad (if jurisdiction were found) could be brought on a class basis, nothing in the record precluded

---

[1] The record is unclear as to whether the *Carcamo/Delgado* plaintiffs brought individual or putative class claims abroad. *See* Reconsideration Br. at 5; JSPH ¶¶ 15–25. Occidental is correct that the absent plaintiffs' reliance on the continued maintenance of a class action would have been all the more reasonable were the foreign actions brought as putative class actions. But, regardless how those claims were styled abroad, Judge Lake's orders made clear that class treatment in the United States remained available within the context of the same litigation in the readily foreseeable event that jurisdiction abroad over defendants was found lacking.

that scenario. Contrary to Occidental's representations, *see* Reconsideration Br. at 5–7, Judge Lake did *not* hold that class mechanisms were unavailable in the *Carcamo/Delgado* plaintiffs' home countries. Rather, in a passage cited repeatedly by Occidental, Judge Lake merely recounted the *plaintiffs' arguments* against transfer:

> Plaintiffs also argue that because class actions are unavailable in many of their home countries and because joinder of large numbers of actions is not customary in these countries, they will be forced to commence thousands of individual actions in hundreds of courts that are understaffed, back-logged, and ill-equipped to handle the sheer number and complexity of these cases in a timely, efficient manner.

*Delgado I*, 890 F. Supp. at 1368. Far from "credit[ing] plaintiffs' assertion," Reconsideration Br. at 6, Judge Lake merely recited each side's arguments as to the practicality of litigation abroad. He did not reach a stated conclusion as to the availability abroad of class mechanisms. *See Delgado I*, 890 F. Supp. at 1368–69. Occidental overstates the case in claiming that he "accepted the factual premise that class actions are not available in the relevant countries." Reconsideration Br. at 6.[2]

Occidental, relatedly, argues that Judge Lake's *forum non conveniens* dismissal contemplated only individual actions going forward. It notes Judge Lake's multiple references to "action[s] commenced by a plaintiff in these actions." *See id.* at 8 (citing *Delgado I*, 890 F. Supp. at 1373, 1375). But Judge Lake's references to individual plaintiffs reflect only that even putative class actions are necessarily brought by individuals, rather than by already-certified classes. And to the extent that Judge Lake's order anticipated the possibility that, pursuant to the return jurisdiction clause, plaintiffs would return to Texas from foreign fora without certified

---

[2] To the extent that two district courts have suggested otherwise, the Court notes its respectful disagreement with this reading of Judge Lake's decision. *See id.* at 8–9.

5

classes in tow, such an intuition was perfectly sensible: If a *Carcamo/Delgado* plaintiff's action were dismissed abroad for lack of jurisdiction (thereby triggering the return jurisdiction clause), such a jurisdictional dismissal naturally would have preceded any litigation on class certification. Accordingly, upon return, such a plaintiff would represent only a putative class, at which point, pursuant to the clause, that plaintiff would begin to litigate the putative class action "as if the case had never been dismissed." *Delgado I*, 890 F. Supp. at 1375.

Finally, Occidental represents that the *Carcamo/Delgado* plaintiffs themselves represented before Judge Lake that class actions were unavailable in the plaintiffs' home countries. *See* Reconsideration Br. at 6–7. Whatever relevance this fact might otherwise have to the reasonableness of an absent class member's reliance on that litigation as a basis for not initiating suit after Judge Lake's conditional transfer order, Occidental forfeited that argument. As Occidental concedes, the document on which it bases this argument—the *Carcamo/Delgado* plaintiffs' June 6, 1995 Response to Defendants' Motion to Dismiss on *Forum Non Conveniens* and Comity Grounds, Dkt. 205-2—was not part of the (voluminous) record before this Court on the motion for judgment on the pleadings. *See* Reconsideration Br. at 6–7 & n.8. Occidental does not offer any reason why this document (and any attendant argument) could not have been raised at the motion for judgment on the pleadings. Accordingly, this argument is not properly presented on the motion for reconsideration. *See City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 314–15 (S.D.N.Y. 2013) ("Because defendants could have raised this argument in moving to dismiss but did not do so, they may not do so here.").[3]

---

[3] In any event, the argument, on the merits, is unpersuasive. The *Carcamo/Delgado* plaintiffs' litigation position was not adopted by Judge Lake. And it forms at best a tenuous basis for arguing that an absent class member would not have expected the litigation to protect his rights, particularly given the likelihood that the lawsuit would return to Texas, as a putative class action, pursuant to the return jurisdiction clause. And Occidental, tellingly, took the opposite position

6

### B. The Significance of Litigation in Hawaii

In a separate, single-paragraph objection, Occidental argues next that this Court erred in holding that the class action filed in Hawaii preserved plaintiffs' claims. *Id.* at 11–12 (citing Opinion at 29 n.9). The Court did not so hold. The discussion at issue was in a footnote clearly denoted as dictum. The Court stated there only that Occidental's reliance on *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987), had been misplaced. As the Court explained, the anti-"stacking" rule enunciated in *Korwek* applies only where there has been a "definitive determination of the inappropriateness of class certification," 827 F.2d at 879, whereas here, as this Court had just held, there had not been any such determination. *See* Opinion at 29 n.9. It was for this reason that the Court noted, as alternative support for tolling during the Hawaii litigation's pendency, that the Hawaii action "would have justified a toll during its pendency." *Id.*

### C. The Issues Available on Appellate Review

Finally, Occidental asks that, if its bid for reconsideration fails, the Court amend the Opinion to "include, as a controlling question of law under 28 U.S.C. § 1292(b)," the issue of when class action tolling ended here. Reconsideration Br. at 12. That request misconceives the certification process. While a district court may identify issues that it believes are worthy of an appellate court's resources so as to justify interlocutory review, ultimately, a district court acting under § 1292(b) certifies an *order*, not the embedded issues that it does or may present. *See* 28 U.S.C. § 1292(b) (authorizing district courts to certify an "order" from which the Court of

---

before Judge Lake: Notwithstanding its current claim that class proceedings were unattainable abroad, *see* Reconsideration Br. at 6–7 & n.10, Occidental argued on the *forum non conveniens* motion that each of the foreign fora implicated here "provides a mechanism for consolidation of similar claims," JSPH Ex. 14 at 13. Occidental's implicit suggestion that an absent class member could reasonably rely on plaintiffs' counsel's statements as to whether class relief was available abroad, but not on Occidental's, is self-evidently problematic.

7

Appeals may permit an appeal). Hence it is the order, not the controlling question of law, over which the Court of Appeals may assume jurisdiction. *See United States v. Stanley*, 483 U.S. 669, 677 (1987) (noting Court of Appeals' "jurisdiction is not confined to the precise question certified by the lower court (because [§ 1292(b)] brings the 'order,' not the question, before the court)"). Accordingly, Occidental's argument is misdirected; now that this Court has certified its order for interlocutory appeal, it is for the Second Circuit to determine which issues, if any, merit appellate review. *See* 16 Wright & Miller, *Federal Practice & Procedure* § 3929 (3d ed. 2017) ("The court of appeals . . . may exercise its discretion by specifying the questions it will consider.").

## CONCLUSION

For the foregoing reasons, the Court denies Occidental's motion for reconsideration. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 204. The Court also lifts the stay imposed by this Court's January 17, 2018 order. *See* Dkt. 207. As set forth in that order, the deadline for Occidental to file its notice of appeal is one week following issuance of this order. If Occidental chooses not to pursue an interlocutory appeal, it must notify the Court within one week of this order, after which the Court will direct the parties to confer and propose a joint schedule going forward.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: January 29, 2018
New York, New York